UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
MARTIN J. WALSH, Secretary of Labor, :
United States Department of Labor,
:
                                                                                                 :     Civil Action No.
                            Plaintiff, :
                              v.     21-cv-3999
                                                                            :

LYNBROOK PIZZA & PASTA, INC., d/b/a Regina's
Pizzeria of Lynbrook; and NUNZIO DILORENZO, :
Individually,
                                                                                                    :

                            Defendants.
------------------------------------------------------------------

## CONSENT JUDGMENT

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), has filed his complaint and defendants Lynbrook Pizza & Pasta, Inc. and Nunzio DiLorenzo, individually (collectively, "Defendants"), have appeared by counsel, waive their answer, and hereby agree to the entry of this Judgment without contest in full settlement of the claims that have been made or asserted in this action. Defendants acknowledge that they have notice of, and understand, the provisions of this Consent Judgment, acknowledge their responsibilities pursuant to this Consent Judgment, and acknowledge that they will be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Consent Judgment. By executing this Consent Judgment, Defendants waive formal service of the summons and complaint.

1. The Secretary's Complaint alleges that Defendants willfully violated sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.) ("the Act" or "the FLSA") by failing to pay their employees overtime wages, and failing to make, keep, and preserve adequate and accurate records.

2. The Secretary's Complaint alleges, and Defendants admit, that Defendant Nunzio DiLorenzo was an employer, within the meaning of 3(d) of the Act, 29 U.S.C. § 203(d), of the employees listed on Exhibit A of this consent judgment.

3. Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Order and that this Court is the most appropriate venue for any enforcement action that may be required as a result of this Order.

4. It is, therefore, upon motion of the attorneys for the Secretary and for good cause shown, ORDERED that Defendants and their agents, employees, successors, and all persons in active concert or participation with him be and hereby are, permanently enjoined and restrained from violating the provisions of sections 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, and must abide by the following:

    a. Defendants shall not, contrary to section 7 of the Act, employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates, as required by 29 C.F.R. Part 778.

    b. Defendants shall make, keep, and preserve adequate records of employees and of the wages, hours, and other conditions and practices of employment as prescribed by regulations issued pursuant to sections 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

c. Defendants shall not discharge, blacklist, demote, suspend, threaten, harass, intimidate, or in any other manner discriminate against an employee, including soliciting the repayment of compensation paid to an employee, because the employee engages in or is believed to have engaged in any of the following activities:

(1) Discloses, protests, or threatens to disclose or protest, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

(2) Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act or a rule or regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship; or

(3) Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act.

(4) Defendants, along with their officers, agents, and managers, shall not tell any of their employees not to speak to representatives of the United States Department of Labor ("U.S. Department of Labor"), or tell any of their employees to provide untruthful information to the U.S. Department of Labor regarding the terms or conditions of their employment, or otherwise obstruct or interfere with any investigative activities of the U.S. Department of Labor.

5. Further, pursuant to the parties' agreement, unpaid overtime back wages are owed and shall be paid to the employees listed on Exhibit A, which is attached hereto, in the amount of **$84,160.25**; an equal additional amount of liquidated damages of **$84,160.25**, plus post-judgment interest of **$315.78**; and civil money penalties pursuant to Section 16(e) of the Act shall be paid to the Secretary in the amount of **$9,679.50**, plus post-judgment interest of **$48.46**; for a Total Amount Due of **$178,364.24**. Therefore, it is:

   a. ORDERED that Defendants and all persons acting on their behalf are enjoined and restrained from withholding the payment of a total of **$84,160.25** in unpaid overtime back wages due to the employees in the amounts listed in Exhibit A.

   b. ORDERED that Defendants shall pay **$84,160.25** in liquidated damages due to the employees in the amounts listed in Exhibit A.

   c. ORDERED that Defendants shall pay **$9,679.50** in civil money penalties.

   d. ORDERED that Defendants shall pay **$364.24** in interest.

6. The provisions of this Consent Judgment relative to payment of back wages, liquidated damages, and civil money penalties shall be deemed satisfied when Defendants have fully complied with the terms of payment set forth herein.

7. Defendants shall pay the Total Amount Due as follows:

   a. Defendants shall make a down payment of $44,500 by November 1, 2021.

   b. Defendants shall make the remaining monthly installment payments as outlined in Exhibit B of this Consent Judgment.

   c. Defendants shall make all payments by ACH transfer, credit card, debit card, or digital wallet, using the U.S. Department of Labor's electronic payment portal, as further set forth in this Paragraph.

   d. To pay the back wages and interest:

      (1)  Go to https://www.pay.gov/public/form/start/77689032.

      (2)  Select "Continue to Form" and complete the required fields:

          A.  The "BW Case Number" is Case No. **1891102**

          B.  The "Date of Assessment" is the date of this Order.

  e.  To pay the civil money penalties and interest:

      (1)  Go to https://www.pay.gov/public/form/start/77734139.

      (2)  Select "Continue to Form" and complete the required fields:

          A.  The "CMP Case Number" is Case No. **1891102**

          B.  The "Date of Assessment" is the date of this Order.

8. If the Defendants fail to make any payment as set forth above and in Exhibit B, then the Total Amount Due shall become due and payable immediately. In addition, should Defendants fail to make a payment, the Secretary may take any and all measures to collect the Total Amount Due.

9. The Secretary shall distribute the payments less any legal deductions to the employees, or to their estates, as set forth in Exhibit A.  Within a period of three years from the date of receipt, any amounts of unpaid compensation and liquidated damages not distributed to the employees or their personal representatives or estates because of inability to locate the proper persons or because of such persons' refusal to accept such monies shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts.  Defendants remain responsible for paying the employers' share of any applicable taxes to the appropriate state and federal revenue authorities.

10. Defendants shall provide to the Secretary the tax identification numbers, if available, and the last known addresses and phone numbers of each employee listed in Exhibit A, within 20 days of the date of entry of this Judgment.

11. Defendants shall post the FLSA flyers listed in Paragraph 12 below, and attached hereto as Exhibits D and E, as well as the attached Exhibit C (in English and Spanish). Defendants shall post Exhibits C, D and E, within 20 calendar days of the date of entry of this Consent Judgment, and shall permanently maintain them, or any updated versions of Exhibits D and E, in at least one conspicuous place in the store.

12. Defendants shall distribute a copy of the flyers entitled "Employee Rights Under the Fair Labor Standards Act" (Exhibit D) and "Fact Sheet #23: Overtime Pay Requirements of the FLSA," (Exhibit E) as issued and updated by the U.S. Department of Labor. Defendants shall distribute the copies attached as Exhibits D and E hereto to each current employee within 20 calendar days of the date of entry of this Consent Judgment. Thereafter, Defendants shall provide the current version of the flyers attached as Exhibits D and E hereto to any new employee who is hired within one year of the entry of this Consent Judgment, at the time of hire.

13. Defendants shall distribute a copy of the attached Exhibit C in English and Spanish to each current employee within 20 calendar days of the date of entry of this Consent Judgment.

14. Defendants, and anyone acting on their behalf, shall not in any way directly or indirectly, demand, require, solicit, or accept any of the back wages or liquidated damages from any person listed on Exhibit A. Defendants, and anyone acting on their behalf, shall not threaten or imply that adverse action will be taken against any person because of his or her receipt of funds due under the provisions of this Consent Judgment or the Act. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

15. With respect to the payments required by this Consent Judgment, a seven (7) calendar-day grace period shall be allowed for receipt of each payment. In the event that the

Secretary does not receive the payment by the eighth calendar day after which it is due, the Secretary's representatives will notify defendants through their attorney, Jasmine Patel by email at jpatel@franklingringer.com. Defendants are responsible for timely notifying the Secretary of any change in the identity or contact information of their attorney. If the Secretary does not receive payment within ten (10) days of such notification, then the total amount due under this Consent Judgment, less any amounts already received by the Secretary pursuant to this Consent Judgment, shall become due immediately and the Court will appoint a Receiver from a list of names offered by the Secretary or may appoint another Receiver at its discretion. No action or non-action by the Secretary shall constitute a waiver of this paragraph.

   a.   In the event a Receiver is appointed, it is ORDERED that:

      (1)   Defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all reasonable information which the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment.

      (2)   All the expenses of the accountant or Receiver shall be borne solely by Defendants.

      (3)   The Receiver shall serve until the payment of the monetary terms of this Consent Judgment are satisfied.

      (4)   The Receiver shall have full authority to: collect Defendants' assets and report the Receiver's findings to the Court and the parties; to redeem and/or liquidate Defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where

       deemed appropriate seek restructuring; to analyze all transfers of Defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the Receiver's duties under this Consent Judgment.

16. Neither the commencement of this action nor the provisions of this Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of Defendants not listed in Exhibit A of this Judgment, be they current or former employees, to file any action against Defendants under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Judgment to file any action against Defendants under section 16(b) of the Act for any violations alleged to have occurred after September 29, 2019.

17. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

18. The Court retains jurisdiction over this matter for the purposes of enforcing this Consent Judgment.

    **SO ORDERED.**

DATED:   October 19, 2021
           Central Islip, New York

                                            s/ Denis R. Hurley
                                            HONORABLE DENIS R. HURLEY
                                            UNITED STATES DISTRICT COURT JUDGE

Defendants have appeared by the undersigned counsel and hereby consent to the entry of this Judgment.

By: _____  Date: 10-7-21
NUNZIO DILORENZO, individually and as
president of LYNBROOK PIZZA & PASTA, INC.

COUNSEL FOR DEFENDANTS

_____  Date: 10/7/21
Jasmine Y. Patel, Esq.
Partner, Franklin, Gringer & Cohen, P.C.
666 Old Country Road, Suite 202
Garden City, NY 11530
(516) 228-3131

## EXHIBIT A

### Back Wages and Liquidated Damages Due (Exclusive of Interest)

|   | Employee Name | Back wages due | Liquidated Damages Due | Total |
|---|---|---|---|---|
| 1 | Alexander Baez DeJesus | $14,352.27 | $14,352.27 | $28,704.54 |
| 2 | Jonathan Caban | $269.85 | $269.85 | $539.70 |
| 3 | Giovanni Esposito | $1,105.08 | $1,105.08 | $2,210.16 |
| 4 | Jose J. Garcia | $298.71 | $298.71 | $597.42 |
| 5 | Lester Gomez Sierra | $318.31 | $318.31 | $636.62 |
| 6 | Joel Goris Infante | $3,380.82 | $3,380.82 | $6,761.64 |
| 7 | Zakiy Khan | $28.60 | $28.60 | $57.20 |
| 8 | Alonzo Mejia | $2,015.67 | $2,015.67 | $4,031.34 |
| 9 | German Miranda | $9,292.18 | $9,292.18 | $18,584.36 |
| 10 | Ronmel Morales-Lopez | $15,453.55 | $15,453.55 | $30,907.10 |
| 11 | Joe Pisciotta | $80.24 | $80.24 | $160.48 |
| 12 | Erick Quizpesucso | $269.11 | $269.11 | $538.22 |
| 13 | Alejandro Recions | $15,910.63 | $15,910.63 | $31,821.26 |
| 14 | Francisco Reyes Bonilla | $14,428.25 | $14,428.25 | $28,856.5 |
| 15 | Robinson A Estevez | $1,222.05 | $1,222.05 | $2,444.10 |
| 16 | Willian Zapata Rodriguez | $966.45 | $966.45 | $1,932.90 |
| 17 | Joseph Ward | $4,768.48 | $4,768.48 | $9,536.96 |
|   | Total | $84,160.25 | $84,160.25 | **$168,320.50** |

## Exhibit B

### Payment Plan

|   | Date Due | Back Wages | | | Civil Money Penalties | | | Total Due |
|---|---|---|---|---|---|---|---|---|
|   |   | Principal | Interest | Total | Principal | Interest | Total |   |
| 1 | 11/1/2021 | $42,080.12 | - | $42,080.12 | 0 | 0 | 0 | $42,080.12 |
| 2 | 12/1/2021 | $25,206.03 | $105.20 | $25,311.23 | $1,929.46 | $16.13 | $1,945.59 | $27,256.82 |
| 3 | 1/1/2022 | $25,227.03 | $84.20 | $25,311.23 | $1,932.67 | $12.92 | $1,945.59 | $27,256.82 |
| 4 | 2/1/2022 | $25,248.06 | $63.17 | $25,311.23 | $1,935.89 | $9.70 | $1,945.59 | $27,256.82 |
| 4 | 3/1/2022 | $25,269.10 | $42.13 | $25,311.23 | $1,939.12 | $6.47 | $1,945.59 | $27,256.82 |
| 5 | 4/1/2022 | $25,290.16 | $21.08 | $25,311.24 | $1,942.36 | $3.24 | $1,945.60 | $27,256.84 |
|   | TOTALS | $168,320.50 | $315.78 | $168,636.28 | $9,679.50 | $48.46 | $9,727.96 | $178,364.24 |

**Exhibit C**

**Aviso a Los Empleados**

Nunzio DiLorenzo y Lynbrook Pizza & Pasta, Inc., operando bajo del negocio Regina's Pizzeria of Lynbrook (en conjunto, los "Demandados") han llegado a un acuerdo con el Departamento de Trabajo de EE. UU. y en un acuerdo de conciliación perteneciente a sus empleados. El acuerdo de conciliación ha sido aprobado por un juez.

Según el acuerdo de conciliación, los Demandados pagarán al Departamento de Trabajo de los EE. UU los salarios atrasados para ciertos empleados actuales y ex empleados quienes trabajaron en su tienda desde octubre de 2016 hasta septiembre de 2019, y el Departamento de Trabajo distribuirá los salarios atrasados directamente a los empleados.

Usted tiene derecho a recibir el total de cualquier monto de los salarios atrasados (menos impuestos) y los daños y perjuicios justos que se le deben.  Es contra la ley que los Demandados o cualquier persona que actúe en su nombre soliciten la devolución de este dinero o pedirle que renuncie a su salario actual o futuro para obtener el dinero del acuerdo.

Usted está protegido por la Ley de Normas Laborales Justas (FLSA por sus siglas en ingles), y también es contra la ley que su empleador lo despida, denunciarlo a inmigración, tome represalias en su contra de cualquier manera o lo amenace con hacer cualquiera de estas cosas por aceptar el dinero del acuerdo o negarse a devolver cualquier dinero que se le haya pagado como parte del acuerdo con el Departamento de Trabajo de EE. UU.  Su empleador también tiene prohibido ~~de~~ tomar represalias contra usted por proporcionar información al Departamento de Trabajo de los EE. UU. y/o quejarse por no recibir el salario mínimo o las horas extra por las horas que trabajó. Su empleador debe pagar a los empleados por todas las horas trabajadas, incluidas las horas extras trabajadas sobre 40 en una semana laboral a una tasa de al menos 1,5 veces la tasa de pago regular del empleado.

Si es un empleado y no se le paga por todas sus horas trabajadas, no se le paga el salario mínimo por todas las horas que trabaja, no se le pagan por las horas extras, si se le ha pedido que devuelva el dinero del acuerdo, si se ha tomado represalias contra usted, o si necesita actualizar su información de contacto, llame al Departamento de Trabajo de EE. UU. al (866) 487-9243. Su nombre se mantendrá confidencial en la máxima medida permitida por la ley.

## Notice to Employees

Nunzio DiLorenzo and Lynbrook Pizza & Pasta, Inc., d/b/a Regina's Pizzeria of Lynbrook (together, "Defendants") have settled a lawsuit with the U.S. Department of Labor and entered into a settlement agreement pertaining to their employees. The settlement agreement has been approved by a judge.

Under the settlement agreement, Defendants will pay the U.S. Department of Labor back wages for certain current and former employees who worked at their store from October 2016 through September 2019, and the Department of Labor will distribute the back wages directly to the employees.

You have the right to receive the full amount of any back wages (after taxes) and liquidated damages you are owed. It is against the law for Defendants or any person acting on their behalf to ask for this money back or ask you to give up your current or future wages to get money from the settlement.

You are protected by the Fair Labor Standards Act (FLSA), and it is also against the law for your employer to fire you, report you to immigration, retaliate against you in any way, or threaten to do any of these things for accepting settlement money or refusing to return any money paid to you as part of the settlement with the U.S. Department of Labor. Your employer is also prohibited from retaliating against you for providing information to the U.S. Department of Labor and/or complaining about not receiving minimum wage or overtime for the hours that you worked. Your employer must pay employees for all hours worked, including overtime for all hours worked over 40 in a workweek at a rate of at least 1.5 times the employee's regular rate of pay.

If you are an employee and are not paid for all of your hours worked, are not paid minimum wage for all the hours you work, are not paid overtime, if you have been asked to return your settlement money, if you have been retaliated against, or if you need to update your contact information, please call the U.S. Department of Labor at (866) 487-9243. Your name will be kept confidential to the maximum extent permitted by law.